# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4284 | **DATE** | 2/25/2004 |
| **CASE TITLE** | MARLENE E. WILLIS-MCKANE vs. COOK COUNTY SHERIFF'S DEPT. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendants' motions to dismiss are granted. All pending motions and dates are moot. Case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

| LG | courtroom deputy's initials | |
|---|---|---|

number of notices

FEB 26 2004 date docketed

docketing deputy initials

date mailed notice

Date/time received in central Clerk's Office   mailing deputy initials

Document Number

32

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLENE E. WILLIS-MC KANE, a/k/a WILLIS PROPERTIES, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 03 C 4284 |
| COOK COUNTY SHERIFF'S DEPARTMENT, ) WASHINGTON MUTUAL BANK, FA; ) GEORGE VLASIS, in his individual capacity; ) and GEORGE VLASIS REALTORS, ) ) | |
| Defendants. ) | |

DOCKETED
FEB 2 6 2004

FEB 26 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Marlene E. Willis-McKane brought this action against defendants alleging violations of her civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that plaintiff fails to state a claim for relief. For the following reasons, defendants' motions are granted.

## BACKGROUND

Washington Mutual Bank, FA brought a foreclosure action against Willis-McKane in the Chancery Division of the Circuit Court of Cook County. Washington Mutual, the plaintiff in that action, obtained a default judgment against Willis-McKane and a subsequent order confirming the sale of the property. Pursuant to that order, the Cook County Sheriff was directed to evict and dispossess Willis-McKane from the property. Willis-McKane claims that she filed a motion for reconsideration of the court's order and that this filing should have stayed the enforcement of the order. She alleges that even though the enforcement should have

32

been stayed, defendants forcibly entered the house, removed her from the property and changed the locks on the house. In the process of the eviction, Willis-McKane was arrested after defendants found an unregistered handgun in the house.

Plaintiff Willis-McKane filed this action alleging that defendants violated her civil rights in executing the court order. Count I alleges a violation of Illinois law concerning post-judgment motions, 735 ILCS 5/2-1203 and Counts II and III allege violations of 42 U.S.C. §§ 1983 and 1985. Plaintiff also sought to remove the foreclosure action to federal court. *See* Washington Mutual Bank, FA v. Willis-McKane, No. 03 C 4285. Judge Guzman granted Washington Mutual's motion to remand that case and the Seventh Circuit dismissed plaintiff's appeal of that decision for lack of jurisdiction.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

In Illinois, a defendant cannot be sued unless it has a legal existence. Jackson v. Village of Rosemont, 536 N.E.2d 720, 723 (Ill. App. 1st Dist. 1988). The Cook County sheriff's department has no such existence, operating solely as a division of the sheriff of Cook County.

Conway v. Cook County, 1999 WL 14497 (N.D. Ill. 1999). The sheriff's department is therefore not a proper party to this action and must be dismissed. Though the sheriff's deputies may be individually answerable for civil rights violations, plaintiff names no such defendants. Likewise, she does not allege that her damages were the result of an official policy or custom of the sheriff, thereby failing to state a claim against the sheriff under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1977).

Plaintiff also fails to state a claim against Washington Mutual. The Rooker-Feldman doctrine prevents a party from using the lower federal courts to effectively review a state court ruling. See Rooker v. Fidelity Trust Co., 263 U.S. 413; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462; Epps v. Creditnet, Inc., 320 F.3d 756 (7th Cir. 2003). In bringing this action against Washington Mutual, that is exactly what plaintiff seeks to do. In evicting her from the property, defendants acted in accordance with a state court order, which we are not allowed to review.

For the same reason, plaintiff does not state a claim against defendants George Vlasis or George Vlasis Realtors. These defendants, like Washington Mutual, were authorized to evict the plaintiff and change the locks on the house. Though it would be possible for Vlasis to enter into a conspiracy with state officials to deprive Willis-McKane of her civil rights (actionable under section 1985), plaintiff makes no such allegations.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 25 , 2004.